

# UNITED STAETS BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ENTERED
05/25/2011

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IFA HOME FUNDING CORP. | § | Case No. 10-00304 |
| E.I.G. SOLUTIONS, LLC, and | § | |
| EDUARDO IGLESIAS | § | Judge Isgur |

## MEMORANDUM OPINION & ORDER

The United States Trustee ("UST") has moved to hold Eduardo Iglesias d/b/a E.I.G. Solutions, LLC ("E.I.G."); Juan Castano; and IFA Home Funding Corp. ("IFA") in contempt. The UST alleges that Castano and IFA failed to pay fines and refunds, failed to pay a court interpreter's bill, and continued to offer mortgage modification services in violation of the Court's orders. The Court denies the motion as to all issues except Iglesias' failure to pay the interpreter's bill.

## Background

This miscellaneous proceeding was instituted by the Court. On October 27, 2010, the Court issued a Show Cause Order against IFA, E.I.G., and Iglesias, ordering them to show cause why they should not be fined for violations of the Bankruptcy Code's provisions regulating the activities of bankruptcy petition preparers and enjoined from preparing bankruptcy petitions. At a hearing on November 22, 2010, the Court found that the defendants had violated numerous provisions of the Bankruptcy Code. The Court ordered IFA, E.I.G., Iglesias, and Castano to refund fees to specified clients, to pay fines, and to pay for the services of the court interpreter at the November 22, 2010 hearing.[1] ECF No. 12.

On January 20, 2011, the UST filed a motion to have the Court hold Iglesias, E.I.G., Castano, and IFA in contempt of the Court's order. ECF No. 21.

The Court issued an amended order on January 31, 2011. ECF No. 28. Castano moved to vacate the Court's order at ECF No. 28 at February 17, 2011. ECF No. 40. On February 24, 2011, the Court held a hearing on Castano's motion to vacate. The Court orally granted Castano's motion in part, dismissing Castano as a named party to this proceeding and ruling that he would not be personally liable for the fines and refunds in the Court's prior orders.

The Court issued a second amended order on March 3, 2011. ECF No. 53. The second amended order did not list Castano as a party. The Court issued a third amended order on March 9, 2011. ECF No. 57.

---

[1] Many of the clients of IFA and E.I.G. speak only Spanish, and an interpreter has been necessary at several of the hearings in this proceeding.

A hearing on the contempt motion was held on March 23, 2011, and the Court ordered briefing on the application of the law to the facts of this case. The UST filed a brief on April 15, 2011, and IFA filed a brief on April 20, 2011.

## Analysis

The UST asserts three grounds for contempt: (1) Castano's and IFA's failure to pay the fines and refunds ordered by the Court; (2) Iglesias', Castano's, and IFA's failure to timely pay the court interpreter's bill; and (3) Castano's and IFA's continued offering of mortgage modification services to new customers. The Court's prior orders required IFA to stop offering mortgage modification services. The UST alleges that IFA continued offering services, first in its own name and then under a new name, AMRA Home Funding Services ("AMRA").

To establish civil contempt, the moving party bears the burden of proving by "clear and convincing" evidence that the alleged contemnor was aware of and violated a "definite and specific order requiring him to perform or refrain from performing a particular act or acts." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004) (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)). Clear and convincing evidence is "that weight of proof which 'produces in the mind of the trier of fact a firm belief on conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts' of the case." *Id.* (quoting *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992)).

The Court holds Iglesias in contempt for failure to pay the interpreter. It is uncontested that the interpreter's bill was not paid. Iglesias did not provide a defense for his failure to pay. Iglesias is ordered to pay the interpreter's bill for the November 22, 2010 hearing in the amount of $449.00. If Iglesias does not pay the interpreter's bill but has the ability to do so, the Court will consider the imposition of coercive sanctions. However, the Court finds that Iglesias has demonstrated good faith in his efforts to comply with the Court's prior orders and does not find that additional sanctions are appropriate at this time.

The Court does not hold Castano in contempt for failure to pay the fines, refunds, and the interpreter's bill. Castano is not personally liable for the fines, the refunds, or the interpreter's bill. At the February 24, 2011 hearing, the Court ruled that Castano would not be held personally liable for the financial obligations set forth in the Court's prior orders and that he would not be a named party in this proceeding. Although IFA remains a party and is subject to the Court's orders, Castano can be liable for IFA's failure to pay the fines, refunds, and interpreter's bill only if he acted affirmatively to cause or facilitate IFA's failure to pay. *See In re Stebbins*, 293 B.R. 113, 116 (Bankr. W.D.N.Y. 2003) ("[A]s non-parties, the [principals] will be held liable only if they acted affirmatively to cause or facilitate that violation [of the court's order].").  The UST did not provide clear

and convincing evidence that Castano acted affirmatively to cause or facilitate IFA's failure to pay.

The Court does not hold either IFA or Castano in contempt for allegedly continuing the mortgage modification business. The UST did not provide clear and convincing evidence that IFA and Castano solicited new clients and continued IFA's mortgage modification business. Dinorah Gonzalez, an attorney for the Chapter 13 Trustee, testified that she overheard Iglesias advising what she thought were new customers. Iglesias testified, however, that he was not speaking with new customers and instead was advising existing customers who had just received an offer for a mortgage modification. The evidence is, at best, unclear as to whether IFA solicited new customers.

The UST also did not prove that either IFA or Castano was involved in AMRA, the new mortgage modification business. The UST presented evidence that AMRA is connected to IFA. AMRA's offices are located on the third floor of the building where IFA's offices were located, and AMRA's directors, Carlos Amaya and Elizabeth Ramirez, are former employees of IFA. Gonzalez testified that when she visited IFA's offices to remove software from computers, she was escorted to a restroom on the third floor. Nereida Cornejo, a former IFA customer, testified that she visited the AMRA offices on the third floor and that one AMRA employee had a key to the old IFA office on the second floor.

This testimony, even if true, does not constitute clear and convincing evidence that either IFA or Castano controls or profits from AMRA. The UST did not establish any legal relationship between AMRA and IFA or Castano. The involvement of former IFA employees in AMRA and the proximity of the IFA and AMRA offices suggest a connection between the businesses. However, the evidence does not establish clearly and convincingly that IFA or Castano were themselves involved in AMRA or that they otherwise continued the mortgage modification business. If additional evidence is developed, the Court will revisit this decision on appropriate motion.

Finally, the Court does not hold IFA in contempt for failure to pay the fines, refunds, and interpreter's bill. The Court finds that IFA was unable to pay the fines, refunds, and interpreter's bill. Juan Castano testified that IFA had no money left in its operating account to pay the fines, refunds, and bill. Although Castano provided refunds to customers who were not named in the Court's orders, he also borrowed $8,000.00 from his son, Juan Castano, Jr., to pay refunds to customers who were named in the orders. Castano's son Ivan Castano testified that he lives with his parents and that he is paying the household bills for the family. The Court finds the Castanos' testimony credible. Inability to pay is a defense to contempt for failure to pay. *See SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 73 (5th Cir. 1993) ("[F]inancial inability is a defense for failure to comply with a court-ordered disgorgement."); *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987) ("After the movant has shown a *prima facie* case, the respondent can defend against it by showing a present inability to

comply with the subpoena or order").  IFA is therefore not in contempt for its failure to pay.

## Conclusion

The UST's motion for contempt is granted against Eduardo Iglesias for his failure to pay the interpreter's bill.  The UST's motion for contempt is denied as to all other issues.

SIGNED **May 25, 2011.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE